■ In the Matter of MOSHE B. MIRILASHVILI, Petitioner, v MICHAEL J. DOWLING, Individually and as Commissioner of the New York State Department of Health, Respondent. [623 NYS2d 239] —Decision after hearing of the Commissioner ("Commissioner") of the New York State Department of Social Services ("the Department"), dated November 8, 1993, which affirmed the determination of the Department to exclude the petitioner from the Medical Assistance for Needy Persons Program ("the Medicaid Program") for a period of five years, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan B. Lobis, J.], entered December 15, 1993), is dismissed, without costs, and it is directed that the proceeds of the $46,664 bond posted by the petitioner should be released to the Department.

The Commissioner's determination, rendered after a full evidentiary hearing, to exclude the petitioner from the Medicaid Program for a period of five years, based upon the petitioner's delegation of medical treatment to an unlicensed person, was supported by substantial evidence adduced at the hearing. It was established that the petitioner had engaged in

unacceptable practices under the Medicaid Regulations (18 NYCRR 515.2) by submitting false claims for unfurnished medical care, making false and fraudulent misrepresentations of material facts in claiming Medicaid payments, and in delegating professional responsibilities to an unlicensed person *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231).

Nor was the penalty of a five year exclusion from the Medicaid Program imposed excessive or so disproportionate to the petitioner's offense so as to be shocking to one's conscience. Medicaid Regulations (18 NYCRR) § 515.3 provides that upon a determination that a provider has been or is engaged in an unacceptable practice, including having made a false claim or claims for unfurnished medical care (18 NYCRR 515.2), the Department may impose one or more sanctions, including exclusion from participation in the Medicaid Program, with Statewide effect. The Court of Appeals has held that a permanent disqualification from the Medicaid Program is not an excessive penalty for a single act of fraudulent billing *(Schaubman v Blum,* 49 NY2d 375).

The Department is entitled to the proceeds of the $46,664 bond posted by the petitioner to compensate the Department for the Medicaid payments made to the petitioner while his exclusion from the Medicaid Program was stayed by this Court. The record reveals that the petitioner has been properly excluded from the Medicaid Program, and the appeal is therefore decided adversely to the petitioner (CPLR 6312 [b]).

We have reviewed the petitioner's remaining claims and find them to be without merit. Concur—Kupferman, J. P., Ross, Asch, Nardelli and Mazzarelli, JJ.